LATHAM & WATKINS LLP
Nicole C. Valco (Bar No. 258506)
  nicole.valco@lw.com
Scott D. Joiner (Bar No. 223313)
  scott.joiner@lw.com
Ward A. Penfold (Bar No. 284969)
  ward.penfold@lw.com
505 Montgomery Street, Suite 2000
San Francisco, California 94111
T: 415.391.0600 // F: 415.395.8095

*Attorneys for Defendant
Wag Hotels, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jack Piper, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Wag Hotels, Inc.,<br><br>Defendant. | Case No. 3:24-cv-01340<br><br>**DEFENDANT WAG HOTELS, INC.'S NOTICE OF REMOVAL**<br><br>Removed from Superior Court of San Francisco County on March 6, 2024 |

**TO THE COURT, CLERK, PLAINTIFF, AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Wag Hotels, Inc. ("Wag"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

1. On or about January 16, 2024, Plaintiff Jack Piper filed a Class Action Complaint in the Superior Court of San Francisco County, captioned *Jack Piper v. Wag Hotels, Inc.*, Case No. CGC-24-611665. A copy of the Complaint is attached hereto as **Exhibit A**.

2. On February 6, 2024, Plaintiff purported to serve the Complaint and Summons on Wag. The Complaint asserts claims against Wag for negligent misrepresentation, fraud, unjust enrichment/restitution, and violations of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; the California False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq. See* Ex. A ("Compl.") ¶¶ 67–124.

3. Plaintiff's claims arise out of allegations that Wag, which operates pet boarding facilities, failed to comply with state regulations for pet boarding facilities and misrepresented the quality of the services that it offers.

4. Plaintiff purports to bring this action on behalf of a proposed class of "[a]ll persons in California who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, who [sic] relied on Defendant's Care Claims in deciding to purchase and did purchase a Kennel Stay at Wag Hotels."[1] *Id.* ¶ 55.

---

[1] As defined in the Complaint, the term "Care Claims" refers to Plaintiff's allegation that Wag "markets and sells boarding and daycare stays for dogs and cats as 'luxury boarding accommodations' that provide 'safe,' 'comfortable,' and sanitary experiences." Compl. ¶ 1. Plaintiff defines "Kennel Stays" to refer to pet stays. *Id.*

5. Plaintiff claims that he is entitled to "actual, compensatory, statutory, and/or punitive damages" as a result of Wag's alleged conduct. *Id.* Prayer for Relief. In addition, Plaintiff seeks declaratory and injunctive relief, as well as restitution. *Id.*

**II.    THIS COURT HAS JURISDICTION PURSUANT TO CAFA.**

6. This case is removable, and this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1441 and 1453 because: (a) this case is a putative class action with more than 100 members in the proposed class; (b) there is minimal diversity, since at least one member of the proposed class has citizenship diverse from Wag; and (c) the Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

7. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (same). Wag must provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that CAFA's jurisdictional requirements are satisfied. *Dart Cherokee*, 574 U.S. at 89. Thus, while Wag denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, and while Wag expressly reserves all of its rights—including but not limited to its right to file motions challenging the pleadings—each of CAFA's jurisdictional requirements is satisfied here.

    **A.    This Is A Putative Class Action In Which The Proposed Class Readily Exceeds 100 Members.**

8. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. This lawsuit meets that definition. Plaintiff sues "on behalf of a class of similarly situated individuals," pursuant to section 382 of the California Civil Procedure Code and section 1781 of the California Civil Code. Compl. ¶ 55; *see also* Cal. Civ. Proc. Code § 382 ("[W]hen the

question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."); Cal. Civ. Code § 1781(a) ("Any consumer entitled to bring an action . . . may, if the unlawful method, act, or practice has caused damage to other consumers similarly situated, bring an action on behalf of himself and such other consumers . . . .").

10. CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

11. The Complaint defines the putative class as "[a]ll persons in California who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, who [sic] relied on Defendant's Care Claims in deciding to purchase and did purchase a Kennel Stay at Wag Hotels," Compl. ¶ 55, and asserts that the class "includes at least millions of consumers."[2] *Id.* ¶ 58. Accordingly, this CAFA requirement is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**B.     There Is Minimal Diversity Among The Parties.**

12. To establish federal jurisdiction, CAFA requires only minimal diversity, and a defendant must show only that "any member of a class of plaintiffs is a citizen of a State different from [the] defendant" or "a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(A)–(B). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp.*, 903 F.3d 875, 877–78 (9th Cir. 2018). Removal therefore is proper when even one proposed class member has citizenship diverse from the defendant. *See id.* at 877; *Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

---

[2] Wag disputes the Complaint's allegation that the putative class includes "at least millions of consumers," but assumes the truth of that allegation for purposes of removal under CAFA, and, in any event, stipulates that the putative class includes at least 100 persons.

13.  Wag is a Delaware corporation with its principal place of business in California.[3] Wag is therefore a citizen of Delaware and California for purposes of diversity jurisdiction. *See 3123 SMB LLC v. Horn*, 880 F.3d 461, 462–63 (9th Cir. 2018) ("[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))).

14.  Plaintiff purports to represent a class defined as "[a]ll persons in California who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, who [sic] relied on Defendant's Care Claims in deciding to purchase and did purchase a Kennel Stay at Wag Hotels." Compl. ¶ 55.

15.  <u>First</u>, the Complaint makes no mention of the *citizenship* of the members of the putative class. Instead, it sweeps in *all persons in* California who used Wag's services in reliance on certain marketing statements. The Complaint's putative class definition, by its very language, includes citizens of a state other than Delaware or California or non-U.S. citizens who have used Wag's services. *See Jones v. Tonal Sys., Inc.*, No. 3:23-cv-1267-JES-BGS, 2024 WL 400182, at *2 (S.D. Cal. Feb. 2, 2024) (holding that it would be "guesswork" to find that at least two-thirds of a class defined as "[a]ll persons within the state of California" were California citizens).

16.  Indeed, there is a particularly strong likelihood that some putative class members are citizens of a state other than Delaware or California or are non-U.S. citizens, which supports CAFA jurisdiction in this case. For example, individuals temporarily residing in or travelling through California have used Wag's services in California, but they are not California citizens. And other individuals who have used Wag's services in California during the last four years may have since relocated to another state, making them citizens of that state for CAFA jurisdictional purposes. *See King*, 903 F.3d at 879 (noting that it "seems likely that at least some [putative class members] would have moved out of California"); 28 U.S.C. § 1332(d)(7) (establishing that class members' citizenship for CAFA purposes is determined as of "the date of filing of the complaint").

---

[3] Plaintiff incorrectly alleges in his Complaint that Wag is a Delaware limited liability corporation. *See* Compl. ¶ 17.

17. <u>Second</u>, Wag is informed and believes, and on that basis alleges, that at least one member of the putative class is a citizen of a state other than Delaware or California or is a non-U.S. citizen. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief.' The pleading 'need not contain evidentiary submissions.'" (citation omitted)).

18. Diversity of citizenship thus exists between Wag and at least one other member of the proposed class. Removal is therefore proper. *See* 28 U.S.C. § 1332(d)(2).

### C. The Amount In Controversy Exceeds $5 Million.

19. An action's amount in controversy must exceed $5 million for removal under CAFA. *See* 28 U.S.C. § 1332(d)(2).

20. As an initial matter, Wag denies that Plaintiff or members of the putative class are entitled to the damages that Plaintiff seeks here. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate in this case. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5 million, satisfying this CAFA jurisdictional requirement. *See* 28 U.S.C. § 1332(d)(2).

21. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy "includes all amounts 'at stake' in the litigation at the time of removal, 'whatever the likelihood that [the plaintiff] will actually recover them.'" *See Arias*, 936 F.3d at 927 (quoting *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)).

22. The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 81.

23. Any assessment of the total amount in controversy must take into consideration the costs that would be associated with an order enjoining a defendant's alleged unlawful conduct. *See Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."); *Anderson v. Seaworld Parks & Ent., Inc.*, 132 F. Supp. 3d 1156, 1164–65 (N.D. Cal. 2015) (including value of future ticket sales that would be lost as the result of having to comply with an injunction in amount-in-controversy analysis).

24. Plaintiff seeks, among other things: (a) "actual, compensatory, statutory, and/or punitive damages;" (b) "restitution and all other forms of equitable monetary relief;" (c) "injunctive relief as pleaded or as the Court may deem proper;" and (d) "attorneys' fees, expenses, and costs of suit." Compl. Prayer for Relief ¶¶ D–G.

25. Though the Complaint does not identify a dollar amount of damages, as noted above, Plaintiff alleges that "at least millions" of persons were impacted by the conduct that forms the basis of Plaintiff's claims, *id.* ¶ 58,[4] and seeks an injunction, compensatory damages, punitive damages, restitution, and attorneys' fees to remedy the alleged harms caused by that conduct, *id.* Prayer for Relief ¶¶ D–G. Given that the amount in controversy is "simply an estimate of the total amount in dispute," *Arias*, 936 F.3d at 927 (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)), it easily exceeds $5 million in this case.

### III.   REMOVAL VENUE

26. This is the appropriate Court for removal because the Superior Court of San Francisco County, where the removed case was pending, is located within this District. *See* 28 U.S.C. §§ 84(a), 1441(a), 1446(a).

---

[4] Wag assumes the truth of this allegation only for purposes of this Notice of Removal.

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

27. Plaintiffs purported to effectuate service of the Complaint and Summons on Wag on February 6, 2024. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1), as it is filed within thirty days of service.

28. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A–F are true and correct copies of the Complaint and all process, pleadings, and orders served upon Wag:

   a. A copy of the Complaint is attached hereto as **Exhibit A**.
   b. A copy of the Summons is attached hereto as **Exhibit B**.
   c. A copy of the Proof of Service of Summons is attached hereto as **Exhibit C**.
   d. A copy of the Civil Case Cover Sheet is attached hereto as **Exhibit D**.
   e. A copy of Order Granting Complex Designation and for Single Assignment is attached hereto as **Exhibit E**.
   f. A copy of the Superior Court of San Francisco County docket sheet is attached hereto as **Exhibit F**.

29. Wag has not filed an answer or other response to the Complaint in the Superior Court of San Francisco County before removal and is not aware of any pending motions filed in that court.

30. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

31. Wag will serve written notice of the removal of this action upon all adverse parties promptly and will file such notice with the Clerk of the Superior Court of San Francisco County, as required by 28 U.S.C. § 1446(d).

32. Wag reserves the right to amend or supplement this Notice of Removal. Wag further reserves all rights and defenses, including but not limited to those available under the Federal Rules of Civil Procedure.

## V. CONCLUSION

33. Wag respectfully requests that this Court exercise jurisdiction over this action, enter orders, and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of California for the County of San Francisco.

Dated: March 6, 2024

Respectfully submitted,

By */s/ Nicole C. Valco*
Nicole C. Valco (Bar No. 258506)
  *nicole.valco@lw.com*
Scott D. Joiner (Bar No. 223313)
  *scott.joiner@lw.com*
Ward A. Penfold (Bar No. 284969)
  *ward.penfold@lw.com*
LATHAM & WATKINS LLP
505 Montgomery St., Suite 2000
San Francisco, California 94111
T: 415.391.0600 // F: 415.395.8095

*Attorneys for Defendant
Wag Hotels, Inc.*

9

WAG HOTELS, INC.'S
NOTICE OF REMOVAL
CASE NO. 3:24-cv-01340